*In re* KEAWEHUNAHALA, an Attorney-at-Law.

MALPRACTICE.    BEFORE HARTWELL, J.

JULY TERM, 1873.

An attorney punished for neglecting to appear in a case after he had been
   retained; and for appropriating the whole of an amount collected by
   him for a client.

DECISION OF HARTWELL, J.

On information by the Attorney-General.

The respondent is complained of for malpractice and gross
misconduct, on two counts.  The first count charges that he
undertook a probate matter for one Kahema, agreeing to do the
work for $16.10, including costs of Court; but that, after a
hearing was ordered by the Court, he neglected and refused to
appear further in the matter unless $20 more were paid him;
and that, by his negligence and refusal, the said Kahema was
obliged to employ other counsel.  The second count charges that
he agreed to collect for one Kanehoalani $50, appropriated to
him by the Legislature, for one-half that amount as commissions
or pay for his services in obtaining the appropriation and collect-
ing; that he collected and retained the same, refusing and neg-
lecting to pay any part thereof to the said Kanehoalani.

The respondent answers that he did undertake the said pro-
bate matter, but on the agreement that he should have $20 for
his fees, and that $10 of the sum paid him should be for costs
of Court.  It is shown that $10 were paid by him to the Clerk
of the Court in filing the probate petition.  He claims that he
had a right to refuse to go on with the case until the rest of the
sum agreed should be paid.  In the second case, the respondent
answers that the said Kanehoalani was indebted to him $100 for
legal services, and that he obtained the appropriation in Kane-
hoalani's name, but under an agreement that it should go to
paying said debt.  There was no evidence in the first case, but

in the second the evidence of Kanehoalani himself was, that the respondent was to have but half of the $50, as stated in the complaint.

### BY THE COURT.

On the first charge, by the respondent's own statement, I think he did wrong in undertaking a case, obtaining an order for a hearing, and neglecting to appear before the Court at the time set by a published order, when parties and witnesses were thereby brought to Court. If he had not received enough retainer, that was reason for not commencing, but not for breaking off in the case in this way.

In the second case, there is the usual difficulty of deciding between client and counsel, whose transactions are private, each testifying for himself. But I do not think the appropriation would have been likely to be made if the respondent had shown that it was for his sole benefit. It seems to me that on his own showing he has not done that which a member of this bar should do, in keeping clear of any imputation or hint of want of professional integrity. The respondent has not to my knowledge been known to be guilty of the system of cheating unfortunately so often charged against counsel. But when I am sure that there has been professional misconduct by any member of this bar, and it is properly shown, I intend to make such example as may show that the Court will lend its sanction to no attorney-at-law who deviates from the strict course of rectitude.

The respondent is reprimanded for his conduct in each of these cases, and is fined $5 and costs.

Respondent *pro se*.

Honolulu, July 25, 1873.